UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL CRAIG BRZOZOWSKI
     Plaintiff,

Case No. : 6.08-CV-1098-ORL-18-DAB

vs.

AUDIT SYSTEMS, INC.,
     a Florida corporation,

and

DOES I - III,
     Defendant(s)         /
_____ /

## COMPLAINT
### (Jury Trial Demand)

## INTRODUCTION

1. This is an action for damages brought by an individual consumer, MICHAEL CRAIG

BRZOZOWSKI (hereinafter referred to as "MICHAEL BRZOZOWSKI" or "Plaintiff"), for

Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

(hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive,

and unfair practices. Defendant AUDIT SYSTEMS, INC.'s ("AUDIT SYSTEMS") violations

of the FDCPA arise from AUDIT SYSTEMS' demand that Plaintiff pay defendant for an

account that was *discharged* in bankruptcy over six (6) months prior to AUDIT SYSTEMS'

initial communication with MICHAEL BRZOZOWSKI. MICHAEL BRZOZOWSKI requests

declaratory relief that Defendants' practices violate the FDCPA and seeks an award of actual

and statutory damages.

1

2. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## I. **JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2002.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 1692k because the conduct complained of occurred in Volusia County, Florida, Plaintiff resides in this District, and the Defendants transact business from their principal office located in Clearwater, Pinellas County, Florida.

## II. PARTIES

5. Plaintiff, MICHAEL CRAIG BRZOZOWSKI (hereinafter, referred to as "MICHAEL BRZOZOWSKI" or "Plaintiff"), is a natural person residing in Deltona, Volusia County, Florida.

6. Defendant, AUDIT SYSTEMS, INC. (hereinafter referred to as "AUDIT SYSTEMS") is a Florida corporation doing business under the name "AUDIT SYSTEMS INCORPORATED" whose principal place of business is 3696 Ulmerton Road, Suite 200, in Clearwater, Pinellas County, Florida (33762).

7. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these

2

persons is known to Defendant AUDIT SYSTEMS  but is not presently known to Plaintiff.

These defendants are hereinafter referred to as Defendants DOE I, DOE II, and DOE III.

(Defendants AUDIT SYSTEMS  and DOES I - III are hereinafter collectively referred to as the

"Defendants").

8.  Defendants AUDIT SYSTEMS  and DOES I - III are "debt collectors" as defined by

the FDCPA, 15 U.S.C. § 1692a(6)  because they regularly use the mails and/or the telephone to

collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts

in the Middle District of Florida.

9.  All acts of the individual defendants described below were with the authority and

knowledge of AUDIT SYSTEMS  and were within the scope of the employment and agency of

the individual defendants.

10.  At all times material hereto, MICHAEL BRZOZOWSKI, was a "consumer" as this

term is defined under 15 U.S.C. § 1692a(3).

11.  At all times material hereto, First Merit Bank was a "creditor" as this term is

defined under 15 U.S.C. § 1692a(4).

12.  At all times material hereto, the account with First Merit  Bank was a "debt" as this

term is defined under 15 U.S.C. § 1692a(5).   (This account is hereinafter referred to as the

"Account".)

### III. **FACTUAL ALLEGATIONS**

13.  On April 23, 2007, Plaintiff (and his wife) filed a voluntary  Chapter 7 bankruptcy

petition  in the Orlando  Division of the United States Bankruptcy Court.  (Case No. 6:07-bk-

01607-ABB).

3

14. Plaintiff listed First Merit Bank in his schedules and in the Matrix of Creditors.

15. On April 25, 2007, the Bankruptcy Noticing Center ("BNC") mailed First Merit Bank a Notice of Commencement concerning the Plaintiff's Bankruptcy on . (A copy of the Notice of Commencement and the BNC Certificate of Mailing is attached as Exhibit "A".)

16. On August 8, 2007, the Bankruptcy Court entered an order entitled "Discharge of Debtor" (hereinafter referred to as the "Discharge Order").

17. Neither First Merit Bank or any other person filed an adversary action seeking to determine dishargeability of the Account. Plaintiff did not reaffirm the Account.

18. On August 10, 2007, the BNC mailed Guaranty Bank a Discharge Order. (A copy of the Order of Discharge and BNC Mailing Certificate is attached as Exhibit "B").

19. "Scrubbing" debt portfolios for bankruptcies is inexpensive and is an industry standard to assure compliance with the Fair Debt Collections Practices Act ("FDCPA"). See, e.g., ACA International Statement on the Buying and Collecting of Bankrupt Debt, released November 7, 2007 (available at http://www.acainternational.org/?cid=11398) ("ACA members 'scrub' accounts through nationally known databases to remove any bankruptcy filings.") Bankruptcy case information is available via the internet through Public Access to Court Electronic Records ("PACER") (http://pacer.psc.uscourts.gov/) and through "scrub" services. See, http://www.phinsolutions.com; http://www.banko.com; and http://www.fairisaac.com ("UniScore"). Based upon information and belief, AUDIT SYSTEMS failed to scrub or adequately scrub the Account.

20. On February 21, 2008, Defendant AUDIT SYSTEMS sent Mr. BRZOZOWSKI a form debt collection letter, which demanded payment of the Account with First Merit Bank. (A

copy of this letter is attached as Exhibit "C").

21. All of Defendant AUDIT SYSTEMS' collection actions at issue in this matter occurred within one year of the date of this Complaint.

22. The statements made by Defendant AUDIT SYSTEMS in its collection letter are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

### COUNT I - FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

23. Plaintiff MICHAEL BRZOZOWSKI repeats and re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. § 1692(e) and § 1692(e)(2)(A).

25. Attempting to collect a debt that is not owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

26. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's statutory damages (in the amount of $ 1,000), actual damages, and costs and attorney's fees (pursuant to 15 U.S.C. § 1692k).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, AUDIT SYSTEMS, INC. and DOES I through III, for the following:

    A.  Declaratory judgment that Defendants' conduct violated the FDCPA;

    B.  Actual damages;

    C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    E.  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

RESPECTFULLY SIGNED on this _8_ th day of JULY, 2008.

DONALD E. PETERSEN
Law Offices of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice : (407) 648-9050
Facsimile : N/A
ECF (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N. 0776238
Lead Trial Counsel for the Plaintiff,
MICHAEL CRAIG BRZOZOWSKI

PAUL URICH
Law Office of Paul Urich, P.A.
1510 East Colonial Drive; Suite 204
Orlando, FL 32803-4734

6

Voice :      (407) 896 - 3077
Facsmile : (407) 896 - 3041
ECF          urichp@urichoffice.com
F.B.N.      0088780
Lead Trial Counsel (also to be noticed) for the Plaintiff,
MICHAEL CRAIG  BRZOZOWSKI

## EXHIBIT LIST

Exhibit "A"   Notice of Commencement : <u>In Re Brzozowski</u>

Exhibit "B"   Discharge of Debtor (with BNC Certificate of Service) : <u>In Re Brzozowski</u>

Exhibit "C"   Letter(dated February 21, 2008) from Defendant to Michael Brzozowski